IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KIRK D. ROBINSON,

        Plaintiff,

vs.

DARLA IDEUS, Lancaster County Nebraska District Court Judge; sued in her individual capacity;

        Defendant.

8:23CV384

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and Motion to Amend Filing, Filing No. 7. Each motion will be addressed in turn.

## I. IFP MOTION

Plaintiff requests to proceed IFP in this matter. Filing No. 2. The Court has received a certified copy of Plaintiff's trust account information. Filing No. 6. Plaintiff is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act ("PLRA") "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance

or average monthly deposits for the six months preceding the filing of the Complaint. During the past five months, Plaintiff's average monthly balance was $37,653.16 and his average monthly deposits were $108.33. Therefore, pursuant to the formula set forth in 28 U.S.C. § 1915(b)(1), the initial partial filing fee would be $7,530.632, based on an average monthly account balance of $37,653.16, which is more than the $350 filing fee for this matter.[1] However, "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . ." 28 U.S.C. § 1915(b)(3). Accordingly, Plaintiff shall be required to pay a $350.00 filing fee at the outset of the case, as mandated by 28 U.S.C. § 1915(b). *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Prison Litigation Reform Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

## II. MOTION TO AMEND FILING

Plaintiff filed his Complaint on August 28, 2023, seeking relief against Lancaster County District Court Judge Darla Ideus for her role in a civil action Plaintiff filed in Lancaster County District Court, Case No. CI23-797. Filing No. 1. On September 15, 2023, Plaintiff filed his Motion to Amend Filing, Filing No. 7, in which he states he

---

[1] The Court's filing fee of $402.00 for §1983 actions includes the $350.00 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52."). Prisoners granted IFP status are not required to pay the $52.00 administrative fee under the PLRA.

2

incorrectly identified Judge Ideus as the presiding judge in CI23-797. Plaintiff seeks to substitute Lancaster County District Court Judge Matthew Mellor for Judge Ideus as the defendant to his Complaint because Judge Mellor is the presiding judge in CI23-797. Upon consideration, Plaintiff's motion is granted. The Court will consider Plaintiff's Motion to Amend Filing as a supplement to the Complaint, see NECivR 15.1(b), will add Judge Mellor as a defendant, and will remove Judge Ideus as a party to this case.

In reviewing Plaintiff's Motion to Amend Filing, the Court noticed that attached to the motion was a two-page document captioned "Complaint to Bring Civil Action By § 1983" and a one-page document titled "Request to Proceed In Forma Pauperis." Filing No. 7 at 2–4. The "Complaint" lists "Taggart Boyd, Warden of RTC" as "Defendant" and raises claims regarding Plaintiff's limited access to the Reception and Treatment Center library. Filing No. 7 at 2–3. The Court believes Plaintiff intended the Complaint and IFP request to be filed as a new case, but the documents were mistakenly attached to the Motion to Amend Filing as it appears they were sent together in the same envelope. See Filing No. 7. Accordingly, the Court will direct the Clerk of Court to open a new case and file the Complaint, Filing No. 7 at 2–3, and Request to Proceed IFP, Filing No. 7 at 4, in that new case.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 2, is granted.

2. Plaintiff must pay the entire filing fee of $350.00 within 30 days unless the Court extends the time in which he has to pay in response to a written motion.

3. The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

4. The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **October 19, 2023**: full filing fee payment due.

5. Plaintiff is advised that, following payment of the filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

6. Plaintiff's Motion to Amend Filing, Filing No. 7, is granted consistent with this Memorandum and Order. The Court shall treat the motion as a supplement to the Complaint, and the Clerk's office is directed to update the docket text of Filing No. 7 to include the following language: "Page 1 of Motion - Supplement to Complaint Filing No. 1."

7. The Clerk's office is further directed to add "Matthew Mellor, Lancaster County District Court Judge, Nebraska" as a defendant and to terminate Darla Ideus as a defendant to this action.

8. The Clerk's office is also directed to open a new case and file the "Complaint to Bring Civil Action By § 1983" at pages 2–3 of Filing No. 7 as a complaint and the "Request to Proceed In Forma Pauperis" at page 4 of Filing No. 7 as a motion to proceed IFP in the new case.

Dated this 19th day of September, 2023.

BY THE COURT:

*Joseph F. Bataillon*
Joseph F. Bataillon
Senior United States District Judge